Good morning, Henry Wieckowski and Andrew Scher on behalf of the appellant. May it please the court. I would like to reserve six minutes for my rebuttal, if I may. When all is said and done, this appeal boils down to the plain meaning of the phrase, consists of. The appellant's position is that consists of is not used interchangeably with other terms such as includes. It means something else. According to the dictionary, consists of means something different than from includes. They're not synonyms. As the court that has examined the issue most closely, that's the Madison teacher case that I cited in our reply, the court said consists of plainly means consisting exclusively of and only of school district employees. It does not mean a mix of persons coming within and without the statutory definition. Likewise here with section 280E of the Internal Revenue Code, it means consisting exclusively... There were no other goods or services being sold. The only thing being sold by your client was marijuana, right? That's correct. And I just have trouble seeing how, by your definition of consists of, there is any business that this would cover. I mean, it's very hard. You know, businesses are always providing space, they're providing sales services, they're providing advice. You know, you go to the pharmacy, they give you some advice about stuff. Not a lot, but some. I mean, I'm talking about a regular pharmacy. They check, they ask your... I mean, there's all sorts of stuff they enter in the computer about your health and so on to make sure there are no... I mean, that's sort of an additional service they don't charge for. So I have a hard time figuring out how your definition includes anything at all. Well, I'm sorry to hear that. I mean, so a business that only does one thing and nothing else. Well, let me try to work with that if I may. Yeah. First of all, 280E deals with trafficking in a controlled substance. That's what it specifically relates to. The other services that were being provided at the... So if you have a trafficker that also does money laundering, then they're not covered? Pardon me? Let's say they do trafficking and money laundering. Let's say we're dealing with somebody actually selling illegal drugs. We're talking about medical marijuana. So we have a trafficker, and let's say one thing they do is they sell you meth. Not you, I mean. Yes, I understand. They sell customers meth, and they also do money laundering. Yes. Fencing, which often is sort of a related business. Under your view, that would be excluded from this section. That would be excluded because they not only do, they sell illegal drugs, but they also fence merchandise or do money laundering. Well, okay. Well, let me, if I may, answer that a little differently. And I notice that you've always tried to get the people that preceded me to answer your specific question, but let me try to do it in this fashion. Please. The statute doesn't say includes of or consists primarily of trafficking. It says consists of trafficking. And the plain meaning of that is, is that it only applies to businesses that are exclusively trafficking in controlled substances. It does not include a mix of activities coming within or without that definition. Well, I was telling you, take a business that involves illegal drugs, and let's say they do something else. They not only sell illegal drugs, but they also do money laundering or gambling. Okay? So they're now not just selling drugs, they're also doing this other thing. Under your view, that drug dealer would be excluded from this section. Under my view, that would be a factual determination that would need to be made by the case. Let me give you another example from the world of legal transactions. I go sometimes to a very lovely women's clothing store that sells nothing except women's clothing. But it happens that there are nice places to sit. They give you tea if you want it. You can wait for your friends. You can chat. You can have tea and cookies. And they give lots of advice about what might look good on you or what you might want to purchase for the spring or whatever. Doesn't that business still consist of selling clothing? Because that's the only thing they sell. These ancillary things make the experience more pleasant. But their business consists of selling clothing. Well, I think that on both of the examples that you've given me, those relate to the single business. But it was a single business that did more than trafficking. And in response to your question, again, I think that would be a factual determination. Because the business that you're referring to does more than just sell clothes. It provides more than that. But do you really think that's what Congress meant? I mean, we are always looking for congressional intent here. And what they're concerned about is money, because it's about deductions. And so if your only source of income is the sale of an item and the deductions relate to that, why isn't that the touchstone? Well, you have to keep in mind that 280E was passed in 1982 during the height of the war on drugs. It wasn't until 1996, 14 years later, that any state, California was the first state that had any form of medical marijuana available to its citizens. It was passed under Proposition 215. Congress couldn't foresee what was going to happen. And we see that now with, I think there's 23 States or at least 23 States that have passed some form of medical cannabis, four of which are for adult use. That doesn't really answer my question, though, about why we don't just look at money when the statute is all about money, rather than the fact that they may — that whatever it is you're selling might be done in a very lovely environment that includes amenities, but the only source of income is the thing that you're selling. My answer to that would be because the statute does not relate only to the source of income. It says trafficking consists of trafficking in a controlled substance. Here we have a — Well, that backs you up into my question, right? Mr. Grebe's question says you look at the whole business, not just the part that generates income, but the part that doesn't generate income, and you look at that. And my question is, what if you actually have another part that generates income? That's itself illegal. But not drug illegal, but it's, you know, some other kind of business. You're sort of caught between the two. Well, okay. Well, I think in that situation what you might need to do is — in that situation, actually, I think that the tax court would say these are two independent businesses because they're both generating income. And under those circumstances, there would be an allocation between the income from trafficking in a controlled substance as differentiated from the business that does the money laundering. Because money laundering — But wouldn't the same apply here? You know, you've got two businesses. One of them generates no income. So all the income is allocated to the part that generates income. And then you've got this other business that doesn't generate income. And since it doesn't generate income, it doesn't implicate a tax loss. There's no income tax on it because you don't make any money on it. Well, yes. But, again, it's — would you concede that providing massages and therapy and complying with state laws, paying your employees and paying their employment tax and unemployment tax and disability, that's not trafficking? I just — could I ask — I just presided over a trial a while ago involving a medical doctor accused of illegally distributing opioids, prescription medications. There was no question that he also — he and his colleagues ran a medical care. He was convicted by that jury of doing some illegal drug trafficking. So is that entire business going to get the tax deductions they're taking or not? It seems to me your position has to be that you put the word exclusively in there to say that you're not involved in trafficking in controlled substances, correct? Yes. But that's what the courts that have interpreted it, the cases that we cited, have said. I don't see how your direct answer to Judge Kaczynski's question would be anything other than that the drug dealer who's also laundering money is exempt from this jurisdiction because that's what I meant. Or I can change it. Let's say you have a restaurant and then in the back you have a — you sell drugs. So you have a legitimate business selling food and all that, whatever restaurants do, food, drink, music, all those things. In the back you sell drugs. How does that operate under your theory? It's just like the doctor in Judge Benson's hypothetical. He has a regular business and then he does illegal trade. Okay. You're putting me in a — well, first of all, the answer to your question is that under those circumstances, yes, 280E would not apply. But I think the difficulty you're getting at is that there are other cases that I've tried. For instance, the Champ case involving cannabis. There the tax court judge said that, well, if part of what you do is trafficking in a controlled substance and part of what you do is something else, then what the IRS has to do is they have to do an allocation between the expenses that are related to the trafficking and the expenses that are related to the other activities. The part that's allocated to the illegal part of the business or the trafficking business, you don't get any deductions for. That's what Champ held, right? Well, under 280E, that's correct. But I would argue that under 280E, if you're doing anything other than dispensing cannabis, then 280E does not apply to you, based on the intent of Congress at the time that that law was passed. Okay. You want to save the rest of your time for rebuttal? Yes, sir. Thank you. May it please the Court. Richard Farber on behalf of the Commissioner. I believe the Court recognizes that under the taxpayer's definition of consists, 280E would be a complete nullity in that it wouldn't even apply in the case of sales of drugs that were illegal under State law. For example, if Mr. Olive moved his vapor room to Kansas, which doesn't allow medical marijuana, according to him, his business still wouldn't consist of trafficking in controlled substances because he provides a few amenities to his customers. And therefore, the statute wouldn't apply, even though the sales are completely illegal. I mean, more extreme, if the mob in Staten Island opened up an establishment called the Cocaine Room, sold millions of dollars of cocaine, and provided Cuban cigars and single malt scotch to its customers to keep them happy, the business would not consist of selling cocaine, and 280E wouldn't even apply there. The only time that there's a different result is if a taxpayer, as in the Champ case, is operating two actual businesses, say, on the same premises, as Your Honor gave an example. If Mr. Olive, in addition to his marijuana business, operated a snack bar and sold food for money, the expenses allocable to that separate snack bar business wouldn't be covered by 280E. That's what the tax court held in this case. So if you had employees working at the snack bar, you could deduct your expenses. You can't deduct your expenses for your employees who are selling marijuana. As far as rent goes ---- Let me make sure I understand. So expenses here includes the cost of the marijuana itself, right? No, Your Honor. What are the expenses that stay here? The commissioner conceded and the tax court found, and it's the government's policy, that cost of goods sold is not covered by 280E. Mr. Olive, during the two years in issue, had gross receipts of $5.2 million. But the tax court found his gross income after reduction for cost of goods sold was $580,000 in 2004 and $980,000 for 2005. So he's not being taxed on his gross receipts. Now we get to gross income. The tax court also found that he substantiated for 2004 only $57,000 of his expenses. That's wages, rent, utilities, telephone, those type of expenses, and that for 2004, he substantiated only $149,000. So even without 280E, he would have had a whopping ---- But those ---- I sort of ran my way through the tax court decision, and it seemed to me a lot of the stuff is not at issue here. Mr. Olive has not challenged anything other than the tax court's application of 280E. I was trying to figure out what exactly was at stake here. Because he doesn't dispute the ---- The gross income figures, nor has he said that the tax court ---- So what ---- So the cost of goods is deductible, is ---- Yes, is allowable and was allowed in the tax court's computation of his deficiencies. So what is at stake? So what's at stake is the deductions that the Commissioner conceded were substantiated, in other words, proved, like wages for employees, rent, utilities. The Commissioner conceded that the taxpayer had substantiated for 2004 $57,000 and for 2005 $149,000. So were it not for 280E, his gross income then would be reduced by those deductions. Now, he claimed many more deductions, but the Court determined he didn't substantiate it. So the effect ---- Which is a separate legal question. Separate legal question that he hasn't challenged. So the effect of 280E is just in this case is to disallow him the $57,000 for 2004 and the $149,000 for 2005, which accounts for ---- All consisting of things like rent. Rent, wages, utilities. Wages, utilities. Advertising. Advertising. Normal business expenses. Was advertising too? He had a small amount, but not cost of goods sold. The tax court determined that there was a deficiency in his tax for 2004 of $187,000. 2005, $346,000. Had he been allowed these deductions, if the Court had agreed with his 280E ---- Let me answer. Your reduction would have been very small. You've answered my question. Okay. Let me move on to something just slightly different. There were other things that happened here, other than just selling marijuana. There were counseling, massage, and all that. And I'm not exactly sure, and I couldn't figure out exactly whether people that did some of these things were paid or they were volunteers or whether they were employees that sold marijuana and also sort of gave advice and so on. But under the other case, the other tax court case ---- Champ. Champ. Thank you. If there is another business that's going on there, then the tax court allocated between the two. Absolutely, Your Honor. And that was ---- Let me get to my question. Oh, sorry. Okay. Now, does that have to be, does that other business have to be a money-making business in itself? If the activities ---- What about sort of Judge Graber's example? And I haven't spent that much time in one of those shops drinking tea, but I can imagine, and maybe I'll check it out. But let's say there's sort of a bookstore, and then they provide sort of tables. Starbucks. Starbucks provides free Wi-Fi and tables and chairs. And people sit there all day long and surf the Web while they're consuming coffee. Right. But they don't charge for that. Their only business is selling coffee and coffee-related products. They sell, they provide the tables and chairs and the Wi-Fi as goodwill for their customers. Now, if they were charging like an Internet cafe for Wi-Fi, they might have two businesses. They would have revenues from the Internet business and revenues from coffee. So your position is that if they don't charge ---- Well, it's not a business, and then you're not entitled to business. It's an amenity of the main business. Well, if we get back to 162, which is the provision that he's claiming these deductions under, it has to be incurred in a trade or business. If you provide certain amenities that don't generate any revenue and your objective is not to make a profit from those activities, then those activities don't constitute a trade or business, and you wouldn't be entitled to any deduction without regard to 280E. How does the IRS look at the medical practice example I used? Let's say a medical practice consists of, if you could figure it out, 90 percent of it is legitimate treating people with medicine and 10 percent is selling drugs, dispensing drug prescriptions illegally. How does the IRS look at that? Does that consist of trafficking in controlled substances? Your Honor, I would say if you have a situation, you could have a situation where you could say he had two businesses. He had a legitimate business providing medical services, and he had an illegal business where he was trafficking. Well, it's the same business. I don't know how to solve it. Well, if it's the same business, then we would say that 280E is going to apply. But I would say it's not the same business any more than if somebody is conducting two illegal enterprises for money on the same premises, as Judge Kaczynski said. If he's ‑‑ if they're selling drugs and then they have a separate money laundering business, 280E would not apply to the money laundering business. It would apply ‑‑ that's the Champ case where they had two businesses. One was in ‑‑ But don't you have to have them separable? You had to be able to separate the two. Well, you have to be able to identify these additional activities as a business. If they're just free amenities, every ‑‑ as the Court recognized, virtually every business provides some freebies to the customers to keep them happy. Salesmen give tickets to Broadway shows and sporting events, but they're still in the business. Where? Well, they used to. I'm sorry. No. Do you have an address? Yeah. You know, even doctors' offices, they provide, you know, waiting areas. They give you bottled water. They have TV. Bad magazines. Bad magazines. Believe me, you're paying for it. Yeah. But they only have one business, and it consists of the provision of medical services. So you can't carve out a few amenities and say, oh, my business doesn't consist of illegal drugs because I provide, you know, some bottled water or some popcorn or once a week I have a volunteer come in and give you a seat. So your position is if they provided massages and they had masseurs. If they were charging for it and making money. If they were charging. It could be they had a massage business going. They could have a beauty parlor going at the same place. And it gets back to the Champ case, and I would emphasize that Mr. Olive in the tax court tried to bring his business into the facts of Champ. He argued that there was two businesses, medical marijuana business and caregiving business. The tax court rejected it. It said your case is nothing like Champ where they didn't charge separately for marijuana, you know, where they had a fee and it included marijuana. We understand your position on this.  Thank you. Let me ask you a different question. In the 28J letter they raised CAFRA. Okay. And as a statute, 28AE talks about Schedule I substances or Schedule II substances sold in a way that's prohibited by federal law. So that means CVS is not covered by 28AE, right, because they have they do sell some Schedule II substances, right? Who is that, Your Honor? A pharmacy. A pharmacy. Well, yeah. Schedule I, as the Supreme Court held in the Oakland Cannabis case. I don't need a disquisition on it. Simply yes or no answer. There are some Schedule II. But not Schedule I. Yes. Schedule II I think. That's why I said Schedule II. Yeah. I understand the difference. And Schedule II is covered and some Schedule II substances can be sold legally in the United States. Under federal law, I believe. I think. But I'm not. Schedule I cannot under federal law. I'm not positive about it. You don't need to talk. Just listen. Oh, I'm sorry. Just listen. Okay. Okay. So if it's legal to sell, then 28AE doesn't count, right? If it's legal under federal and state law. It's legal under federal law. Yes. Which is why you don't go after drugstores. Yes. So talk to me about CAFRA. We now have a prohibition against in any way interfering with these businesses. No, that's not exactly what it says, Your Honor. It says the Department of Justice shall not use its appropriated fund to interfere with California's implementation of its medical marijuana law. Or not just California, all the states. Let me ask you this. Under CAFRA, can the Justice Department prosecute somebody for selling a Schedule I controlled substance? It is the Department's policy that it can. The courts have not decided that. I believe this court denied a motion the other day trying to stop a prosecution but without prejudice to renew it on the briefs. But this case is a far cry from prosecuting someone. Just slow down. Okay. Listen, okay? Yeah. So this statute says the Justice Department cannot spend funds interfering with these businesses. No, not businesses. With California's laws implementing. California's laws. And let's say this is probably considered saying they simply can't prosecute. It's a possible interpretation. They just can't prosecute. That's possible. So in what sense is it then illegal? If you have a law that then has every enforcement mechanism of the executive branch that could enforce a law being paralyzed, so you cannot prosecute somebody, is that illegal anymore? Well, Congress has not changed the Controlled Substance Act, so it's sort of, you know, acting inconsistently. And, of course, it could have amended 280E to say it doesn't. I'm asking you really a philosophical question, a question of, you know, what does illegality mean? Can you have an illegality when Congress has passed a law saying you will not enforce the law in these circumstances? Does that become illegal? I think it's still illegal. I mean, the Justice Department makes decisions not to prosecute individuals, say they're old and infirmed and, you know, even though they. But the law does not give them that discretion anymore. The law says will not interfere with these businesses. It strikes me that trying to arrest the people who run the businesses for running the businesses sounds like a lot of interference. It's not clear, Your Honor, because it may well be that Congress said they don't want the Justice Department suing the State of California or getting an injunction from them licensing businesses. As I said, the Department's position is that it doesn't prevent criminal prosecution. You know, the courts haven't, you know, this is a relatively new amendment, and the courts haven't passed on the effect of it. I will say the legislative history. Where has the Justice Department taken that position that it does not prohibit prosecution? They've issued memos, I believe, but I think they also have. Public memos? No, not public. They have also, I think there's a public memo that says discretion should be used in terms of going forward with prosecutions of medical marijuana. Should we ask for a briefing and should we get a statement from the Department of Justice as to what its view is of what actually this prohibits? Well, I would say with all due respect, Your Honor, as we also said in our 28J, in the context of this appeal from the tax court's decision, this court doesn't have jurisdiction to pass on the propriety of the Department's funds. The Supreme Court held in the McCoy case that when a court of appeals reviews a decision of the tax court, it doesn't have jurisdiction to grant any relief that the tax court itself couldn't grant. The tax court's an Article I court with very limited jurisdiction. It has no jurisdiction over the Justice Department whatsoever. The Department doesn't even appear before the tax court. It cannot tell the department how to spend its money. And the court, the Supreme Court said in McCoy when there's an appeal from the decision of the tax court, this court can only decide that appeal on the merits. It can affirm or reverse or vacate on the merits of the tax. So what happens if the commissioner brings a tax claim against a drugstore? Does the drugstore? And says you're selling Schedule II substances. And the drugstore says, well, wait a minute, it's not illegal under the law. We have a — we're authorized to sell these things. Does the tax court not have authority to determine whether or not the sale of the Schedule II substances is legal under federal law? If the commissioner issues a deficiency notice to a taxpayer, whether it's a corporation or individual, and says the amount of tax you reported is less than imposed under the code, the tax court can decide on the merits whether that's true. It can decide whether 280E applies. But it can't decide that the Justice Department cannot even — can't do anything. First of all, the IRS handles its own litigation in the tax court, so it's never going to have occasion to tell the Justice Department how it can spend its funds. It can only decide on the merits. It can't say — first of all, the budget amendment doesn't even apply to the IRS. It only applies to the Justice Department, which is another indication that Congress didn't have in mind this civil statute, because if it did, it would have prevented the IRS from enforcing 280A, if not just amend the statute if that's what it wanted. But — There are some pending amendments to deal with this issue, aren't there? Or at least there's been discussion among senators in public about it. I mean, more than 20 states have passed medical marijuana laws. That's a lot of congressmen who could try to get past a law that removes marijuana from Schedule I or, as far as these cases go, you know, amend 280E so it doesn't apply to, you know, medical marijuana sales that are legal under State law. It's a simple fix if this is the will of Congress, but it's up to Congress. Congress enacted this statute, and it's clear on its face, and the Supreme Court has repeatedly said that when a statute is clear on its face, the role of the judiciary is limited to enforcing it as written. It's — if Congress thinks that, you know, the day has changed and it should be a different policy, then it's simple enough for them to amend 280E to say it doesn't apply in the circumstances of this case. The Champ case was decided 8 years ago. You live in Washington, right? Yes. You know that nothing is simple in Washington. I understand that. I'm talking theoretically. But I'm just saying if it was the will of Congress, they would have done it. Champ was decided 8 years ago. Assume you have a camera open. Anyway, thank you. Thank you. Well, let me begin by going back where we started. And that was 280E was passed in response to the tax court allowing a drug dealer, a street drug dealer, to take his deduct expenses. Look at the example that you used, Justice Grauber, about the dress shop that did more. If 280E said selling dresses was prohibited and if your business consists of selling And then they added on all of these ancillary activities, like the cookies and the seating area and the ambiance. A tax lawyer might say that's a clever way to get around the statute. And 280E in that situation would not apply because you're doing more than just selling dresses. And I think the same argument applies to cannabis. I have a hard time with that.  I'm just imagining, but I'm imagining that they really have no interest in tea or conversation or those things. The reason they provide these seating areas and these amenities is to get customers to be there and look at the dresses and be in an environment that's conducive to whatever those ladies do when they try on dresses. Okay. I'm sorry? They are doing more than just selling dresses. But the actual business consists of selling dresses in my example. The fact that there are free amenities that encourage people to come in so they can sell extra dresses doesn't mean that the business consists of anything else. But in 280E there's no requirement that they make money for doing these other activities. 280E says that in carrying on any trade or business or the activities which Well, let's talk about Wi-Fi at Starbucks, which I know a little bit more about than about, you know. My impression is that the reason they provide free Wi-Fi at Starbucks is to get people to sit there and drink coffee. And the way they get them to sit there and keep buying coffee is by giving them free Wi-Fi so they can sit on the computer. They then do whatever people do on the computers. They Google or eBay or Facebook or, you know, whatever those things are. And pretty soon they are at the bottom of the cup of coffee. And then they say, well, I'm going to go buy another cup of coffee because I've got to finish my That's how it works. And if people came in and just used the Wi-Fi and didn't buy the, you know, used the chairs and didn't buy any coffee, at some point they would get asked to leave, right? Not true. The record, it would take me a while to find it. You've tested this. You've sat there at Starbucks. Well, maybe in Starbucks, but not at my client's establishment. Because one of the purposes, and it's in the record. I could submit the citation sometime later. But they talk about how one of the things, he was licensed by the city of San Francisco specifically to allow people to use on premises. It was an unusual license because he catered to a population that was indigent and lived in Section 8 housing. And if they went home and medicated in Section 8 housing, they could be evicted. So he provided a place where they could come and use cannabis without fear of being retaliated against in terms of their housing. It's also in the record that nobody was required to buy anything. And as a matter of fact, I believe it's in the record that people could bring cannabis with them. I'm guessing you're not really required to buy anything at Starbucks either. I'm guessing that you could probably go into the ladies' dress shop and not buy anything, tie on dresses and not buy anything. And you could do that once or twice. But I think if you do that day after day, they would eventually ask you to leave. Sure. Because the amenities are there to sell dresses. The amenities at Starbucks are there to. And your client providing a pleasant environment for his customers is a way of making it easy for them to come down and use the vaporizer. But the statute doesn't say consists primarily of or includes. It says consists of. And a drug dealer could the guy in Washington who precipitated 280E, basically he sold drugs on a street corner. And he didn't do anything else other than sell drugs. And this statute was passed in response to the tax court case that said that he could deduct. Now, 14 years later, they passed the Proposition 215, which requires the cannabis dispensaries in California to provide caregiving services and to operate on a nonprofit business. It's an entirely different thing. I mean, if somebody was all they were doing was. To some extent, you shoot yourself in the foot by saying it's an entirely different thing because it's hardly possible to say that Congress imagined this when it passed a statute. And so to say they might tend to some sort of exception for your situation. Well, I think they they they they they. Why isn't the correct answer is they did not anticipate this kind of this kind of situation. And they they therefore didn't cover it. And now that they know it exists, we have to wait until they actually they actually amend the statute. Well, OK. But on the other hand, we're here today just to interpret the meaning of 280E and how it should be implied, applied rather. And under 280E, the language says if you it consists of and these businesses did more than consist of trafficking, they they they they provided all of the services that we've outlined in the in the brief. OK, I think we understand your position. And with respect to the Justice Department's position, I think that's a hint to sit down. OK, I'll take it. So you were going to speak about CAFRA? Yes, sir. Tell me about CAFRA. OK, I'll give you 30 seconds to talk about CAFRA. OK. Farr and Rohrbacher sent a letter last week disputing the Justice Department's interpretation. And if you like, I can submit it as a 2028J letter. I'm sorry. Who submitted? Who? Congressman Farr and Rohrbacher, who sponsored the amendment. Sure. Absolutely. OK. He submitted it where? I think he submitted it to the Justice Department. They said that the Justice Department was interpreting or maybe it was in a press release, but he said that the Justice Department's interpretation that it that they could continue to interfere. Well, you know, feel free to submit it. I can't tell you it would make a difference, but. OK. Absolutely. Every little bit helps. Thank you very much. Did he file a complaint? That's what I want to know. Well, I think I actually heard him say that anybody that Justice Department attorneys that continue to operate in violation of the law could be charged. Thank you. Thank you. OK. Thank you. Cases are you will send submitted. We're now adjourned.
judges: Benson, Kozinski, Graber